

LAWRENCE K. PETERSON, OSB #83006
E-Mail: larry@petersonlaw.info
8 North State Street, Suite 301
Lake Oswego, Oregon 97034
(503) 635-3546
Fax: (503) 636-8512

MICHAEL A. COX, OSB #93507
E-Mail: mcox@scsllp.com
SPAULDING COX LLP
621 S.W. Morrison Street, Suite 140
Portland, Oregon 97205
(503) 223-6901
Fax: (503) 222-5779

Attorneys for Plaintiff

FILED '08 AUG 13 11:02 USDC-ORP

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| HOPE GLENN, as the Personal Representative of the ESTATE OF LUKUS GLENN,<br><br>Plaintiff,<br><br>vs.<br><br>WASHINGTON COUNTY; CITY OF TIGARD, a municipal corporation; MIKHAIL GERBA, an individual; TIM MATESKI, an individual; and ANDREW PASTORE, an individual,<br>Defendants. | Case No. **CV '08--950-MO**<br><br>COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS AND WRONGFUL DEATH<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1.

This court has jurisdiction over plaintiff's claims by virtue of 28 U.S.C. §§ 1331, 1343 and 1367.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
& WRONGFUL DEATH - 1

Lawrence K. Peterson
8 North State Street, Suite 301
Lake Oswego, Oregon 97034
503/635-3546
larry@petersonlaw.info

22564

## PARTIES

2.

Hope Glenn, a citizen and resident of the State of Oregon and the United States, is the duly appointed Personal Representative of the Estate of Lukus Glenn.

3.

Defendant Washington County is a political subdivision of the State of Oregon.

4.

Defendant City of Tigard is a municipal corporation in the State of Oregon.

5.

Defendants Mikhail Gerba and Tim Mateski were and are Sheriff Deputies employed by defendant Washington County and, at all times material herein, were acting within the course and scope of their employment and acting under color of state law.

6.

Defendant Andrew Pastore was and is a Police Officer employed by defendant City of Tigard and, at all times material herein, was acting within the course and scope of his employment and acting under color of state law.

## FACTS

7.

On September 16, 2006, two Washington County deputies and one Tigard police officer responded to a call made by Hope Glenn for assistance with her son Lukus who was holding a knife to his throat and threatening to kill himself.

8.

Defendant Gerba – having skipped the staging area designated for coordinating a plan – was the first to arrive at the Glenn home. With his Glock pistol drawn, Defendant Gerba located

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
& WRONGFUL DEATH - 2

Lawrence K. Peterson
8 North State Street, Suite 301
Lake Oswego, Oregon 97034
503/635-3546
larry@petersonlaw.info

1  Lukus standing in a well-lighted spot at the corner of the garage, pointed his weapon at Lukus
2  and began shouting commands at Lukus.

3                                          9.

4  Defendant Mateski arrived next, Glock also drawn, and joined in the shouting of
5  commands. Despite Lukus' pleas that the deputies stop shouting at him, the deputies never
6  stopped shouting and never sought to engage Lukus in any conversation as to why he was
7  distraught.

8                                          10.

9  Defendant Pastore was the third to arrive on the scene. Though there was no coordinated
10 plan in place, Officer Pastore, immediately upon his arrival and as he moved toward Lukus,
11 began to shoot Lukus from a range of fifteen feet and less with beanbags from a shotgun. Five of
12 the rounds struck Lukus leaving deep, dark bruises along his left side and back.

13                                         11.

14 During the beanbag fire, Lukus moved away from Officer Pastore, turning his back to the
15 beanbag fire and moving in the most obvious line of retreat from him. At this point, the deputies
16 unleashed a fusillade of lethal fire at Lukus, shooting 11 times and striking Lukus with eight
17 bullets to his backside.

18                                         12.

19 Prior to the deployment of the beanbag fire, Lukus had remained in a static position.

20                                         13.

21 Less than 4 minutes elapsed from the arrival of the first deputy at the Glenn home to the
22 moment the two deputies fired. During this brief period, Lukus made no threats to the deputies
23 or police officer nor to anyone in the home. The three bullets that missed Lukus went into the
24 portion of the Glenn home where Lukus' grandmother resided.

25 ////

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
& WRONGFUL DEATH - 3

Lawrence K. Peterson
8 North State Street, Suite 301
Lake Oswego, Oregon 97034
503/635-3546
larry@petersonlaw.info

14.

Before the deployment of the beanbag shotgun, the situation was static and there was no immediate time pressure necessitated by Lukus' actions. Other deputies and officers were on the way to the scene at the time the beanbag shotgun was deployed.

## FIRST CLAIM FOR RELIEF

### (State Law Wrongful Death)

15.

Plaintiff realleges paragraphs 1 through 14 above as though fully set forth herein.

16.

On or about March 1, 2007, plaintiff served a valid and timely tort claim notice on defendants.

17.

Lukus Glenn's death was the result of defendants' negligence in the following particulars:

    a) The failure of the officer and deputies to use appropriate crisis intervention tactics;

    b) The failure of the officer and deputies to engage Lukus Glenn in conversation rather than relying on yelled commands followed by the deployment of a beanbag shotgun;

    c) The failure of the officer and deputies to act in a manner so as to decrease the tension of the situation rather than acting to exacerbate the tension surrounding the situation;

    d) Use of the beanbag shotgun in a manner that moved Lukus toward the doors of the residence;

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
& WRONGFUL DEATH - 4

Lawrence K. Peterson
8 North State Street, Suite 301
Lake Oswego, Oregon 97034
503/635-3546
larry@petersonlaw.info

1   e)  The failure of the officer and deputies to remove civilians from the immediate area or to otherwise secure those civilians before escalating the situation through the use of a beanbag shotgun;

    f)  The failure of the officer and deputies to use a taser before escalating the situation through the use of a beanbag shotgun;

    g)  The failure of the officer and deputies to use the benefits of time and delay to calm the situation rather than acting in a manner that was rash and heightened the tension surrounding the situation;

    h)  The failure of the officer and deputies to use the benefits of the law enforcement officers and deputies on the way to the scene when there were no pressing circumstances for the immediate deployment of the beanbag shotgun;

    i)  The failure of Washington County and Tigard to have properly trained the officer and deputies in the management, detention and arrest of persons suffering from mental impairments

    j)  The failure of Washington County and Tigard to have properly trained the officer and deputies in crisis intervention;

    k)  The failure of Washington County and Tigard to provide officers and/or deputies with sufficient experience to respond to this situation; and

    l)  The failure of Washington County to have properly equipped its deputies with tasers.

18.

Lukus Glenn's death was a direct and proximate result of Defendants' negligence.

19.

As a result of the negligence of defendants, the Estate is entitled to recover the following damages:

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
& WRONGFUL DEATH - 5

Lawrence K. Peterson
8 North State Street, Suite 301
Lake Oswego, Oregon 97034
503/635-3546
larry@petersonlaw.info

1  a) Reasonable charges necessarily incurred for medical services, burial and memorial services in an amount not more than $5,000.00;

3  b) Compensation for Lukus Glenn's conscious pain and suffering during the period between his injury and his death in an amount not more than $2,000,000;

5  c) Compensation for the pecuniary loss to decedent's estate in an amount not more than $5,000,000; and

7  d) Compensation for the pecuniary loss and loss of society, companionship and services to Lukus Glenn's parents in an amount not more than $5,000,000.

## SECOND CLAIM FOR RELIEF

### (Section 1983 – Fourth Amendment Violation)

20.

Plaintiff realleges paragraphs 1 through 19 above as though fully set forth herein.

21.

Defendants Gerba, Mateski and Pastore, in violation of the Fourth Amendment of the United States Constitution, deprived Lukus Glenn of his rights to be free from excessive physical force and undue deadly force.

22.

A cause of the deprivation of constitutional rights described above were the following policies, customs and/or practices of defendants Washington County and Tigard:

a) Providing inadequate training to officers and deputies in the management, detention and arrest of persons suffering from mental impairments;

b) Providing inadequate training to officers and deputies in the use of crisis intervention techniques;

c) Providing inadequate training in the use of less-than-lethal force methods;

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
& WRONGFUL DEATH - 6

Lawrence K. Peterson
8 North State Street, Suite 301
Lake Oswego, Oregon 97034
503/635-3546
larry@petersonlaw.info

1      d)    Providing inadequate training in the management of the scene at which a knife is present;

3      e)    Providing inadequate training for communication and plan formulation of the multiple officers and/or deputies responding to a scene like the one described above;

5      e)    Failing to provide appropriately experienced officers and/or deputies to a scene involving threats of suicide; and

7      f)    Failing to properly train and equip officers and deputies regarding the use of tasers.

23.

As a result of defendants constitutional violations, the Estate is entitled to recover the following damages:

    a)    Reasonable charges necessarily incurred for medical services, burial and memorial services in an amount not more than $5,000.00;

    b)    Compensation for Lukus Glenn's conscious pain and suffering during the period between his injury and his death in an amount not more than $2,000,000;

    c)    Compensation for the pecuniary loss to decedent's estate in an amount not more than $5,000,000; and

    d)    Compensation for the pecuniary loss and loss of society, companionship and services to Lukus Glenn's parents in an amount not more than $5,000,000.

24.

Pursuant to 42 USC § 1988, the Estate is entitled to recover its attorney fees and costs.

WHEREFORE, Plaintiff prays for a judgment against defendants as follows:

On the **FIRST CLAIM FOR RELIEF** for:

1.    Reasonable charges necessarily incurred for medical services, burial and memorial services in an amount not more than $5,000.00;

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
& WRONGFUL DEATH - 7

Lawrence K. Peterson
8 North State Street, Suite 301
Lake Oswego, Oregon 97034
503/635-3546
larry@petersonlaw.info

2. Compensation for Lukus Glenn's conscious pain and suffering during the period between his injury and his death in an amount not more than $2,000,000;

3. Compensation for the pecuniary loss to decedent's estate in an amount not more than $5,000,000;

4. Compensation for the pecuniary loss and loss of society, companionship and services to Lukus Glenn's parents in an amount not more than $5,000,000; and

5. Plaintiff's costs and disbursements.

On the **SECOND CLAIM FOR RELIEF** for:

1. Reasonable charges necessarily incurred for medical services, burial and memorial services in an amount not more than $5,000.00;

2. Compensation for Lukus Glenn's conscious pain and suffering during the period between his injury and his death in an amount not more than $2,000,000;

3. Compensation for the pecuniary loss to decedent's estate in an amount not more than $5,000,000;

4. Compensation for the pecuniary loss and loss of society, companionship and services to Lukus Glenn's parents in an amount not more than $5,000,000;

5. Plaintiff's attorney fees and costs under 42 USC § 1988; and

6. Plaintiff's costs and disbursements.

**PLAINTIFF DEMANDS A JURY TRIAL.**

DATED this 13 day of August, 2008.

_____
LAWRENCE K. PETERSON, OSB #83006
Of Attorneys for Plaintiff

_____
MICHAEL A. COX, OSB #93507
Of Attorneys for Plaintiff

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
& WRONGFUL DEATH - 8