UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**HOPE GLENN, as the Personal**
**Representative of the ESTATE**
**OF LUKUS GLENN,**

                         Plaintiff,

       v.

**WASHINGTON COUNTY, et al.**,

                      Defendants.

No. CV 08-950-MO

OPINION AND ORDER

**MOSMAN, J.,**

    Hope Glenn filed this lawsuit after Washington County Deputies Mikhail Gerba and Tim Mateski fatally shot her son, Lukas Glenn, during an incident at her home. Ms. Glenn alleges a claim under 42 U.S.C. § 1983 for a violation of Lukas Glenn's Fourth Amendment rights, as well as an Oregon state law tort claim for wrongful death. Deputy Gerba and Deputy Mateski moved to substitute defendant Washington County as defendant in their place with respect to the wrongful death claim. Because ORS 30.265 creates a substitute remedy that is not contrary to the Oregon Constitution, I GRANT defendants' motion.

    In relevant part, ORS 30.265(1) provides that "[t]he sole cause of action for any tort of officers, employees or agents of a public body acting within the scope of their employment or

-1-

duties and eligible for representation and indemnification under ORS 30.285 or 30.287 shall be an action against the public body only." As the plain language of the statute indicates, the substitute remedy is exclusive. If a tort action is filed against officers of a public body acting within the scope of their employment, "the public body shall be substituted as the only defendant." ORS 30.265(1). It is undisputed that Deputy Gerba and Deputy Mateski are public officers and that this tort action was brought against them after they engaged in conduct within the scope of their employment.

In *Clarke v. OHSU*, the Oregon Supreme Court held ORS 30.265 and its associated damage cap provision, ORS 30.270(1), violated the Oregon Constitution to the extent this statutory scheme failed to provide an adequate substitute remedy for a common law cause of action that existed in 1857, when the Oregon Constitution was drafted. 175 P.3d 418, 425 (quoting *Smothers v. Gresham Transfer, Inc.*, 23 P.3d 333, 356-57 (Or. 2001)). After the *Clarke* decision, the Oregon Supreme Court held that a $500,000 cap on noneconomic damages did not violate the Oregon Constitution because the law did not recognize a cause of action for wrongful death in 1857. *Hughes v. Peacehealth*, 178 P.3d 225, 231 (Or. 2008) ("In the end, plaintiff has failed to persuade us that the statutory damages cap at ORS 31.710 abolishes a remedy that was available at common law when Article I, section 10 was drafted. It follows that, under *Smothers*, plaintiff does not have a right to the 'remedy' she seeks under Article I, section 10."). As the law currently exists, and in light of *Hughes*, I find application of ORS 30.265 to Ms. Glenn's wrongful death claim would not violate the Oregon Constitution.

///

///

-2-

For the foregoing reasons, Defendants' Motion to Substitute Defendants (#51) is GRANTED, and IT IS HEREBY ORDERED that Defendant Washington County be substituted for Deputy Gerba and Deputy Mateski with respect to plaintiff's wrongful death claim.

DATED this  13th  day of April, 2010.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court